DRINKER BIDDLE & REATH LLP
Kate S. Gold (SBN 156117)
kate.gold@dbr.com
1800 Century Park East, Suite 1400
Los Angeles, California 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

DRINKER BIDDLE & REATH LLP
Gerald S. Hartman (*Pro Hac Vice* Pending)
jerry.hartman@dbr.com
1500 K Street, N.W.
Washington, DC 20005-1209
Telephone: (202) 842-8800
Facsimile: (202) 842-8465

Attorneys for Defendant
EMCOR GOVERNMENT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JAMES SCOTT JORGENSON, an individual,

Plaintiff,

v.

EMCOR GOVERNMENT SERVICES, a business form unknown; and DOES 1 through 100, inclusive,

Defendants.

Case No. **CV11- 05103** PA (JCEx)

**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1331, 1441(b) AND 1446 BY DEFENDANT**

[Los Angeles Superior Court Case No. BC461767]

[Concurrently removed with related LASC Case No. BC461766, Cuenca v. Emcor, et al.]

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1023581.1

NOTICE OF REMOVAL

1        TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO

2   PLAINTIFF JAMES SCOTT JORGENSON AND HIS ATTORNEYS OF

3   RECORD:

4        PLEASE TAKE NOTICE that defendant Emcor Government Services, Inc.

5   ("Defendant") hereby invokes this Court's jurisdiction and removes the state court

6   action described below from the Superior Court of the State of California for the

7   County of Los Angeles to the United States District Court for the Central District of

8   California.

9        1.    This Notice of Removal is filed pursuant to, and this Court has

10   jurisdiction by virtue of, the provisions of 28 U.S.C. §§ 1332, 1441(b) and 1446.

11        2.    On May 17, 2011, plaintiff Jorgenson ("Plaintiff") commenced an

12   action in the Superior Court of the State of California for the County of Los

13   Angeles entitled *Jorgenson v. Emcor Government Services, and Does 1 through*

14   *100,* Los Angeles Superior Court Case No. BC461766 (the "State Court Action").

15        3.    Defendant was served in the State Court Action on May 20, 2011,

16   including with a copy of the Summons, Complaint for Damages and related

17   documents (the "Complaint").  A true and correct copy of Plaintiff's Complaint is

18   attached as Exhibit A to this Notice.

19        4.    This is a civil action over which this Court has diversity jurisdiction

20   pursuant to 28 U.S.C. § 1332 because (1) the matter in controversy exceeds the sum

21   or value of $75,000, exclusive of interest and costs, and (2) Plaintiff is a citizen of

22   California and Defendant is not a citizen of California, but rather, is incorporated in

23   the State of Maryland and has its headquarters and principal place of business in the

24   State of Virginia.  This action is one which may be removed to this Court pursuant

25   to the provisions of 28 U.S.C. § 1441(b) because Defendant is not a citizen of

26   California.

27        5.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)

28   in that it is filed within thirty (30) days of service of the Complaint by Defendant.

6.     The territorial coverage of the United States District Court for the Central District of California embraces the county and court in which the State Court Action is now pending.  28  U.S.C. § 84(c).  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.     This removal is authorized by Defendant, the only named defendant in this action.  Defendant is informed and believes, and on that basis alleges, that none of the Doe defendants in this action have been named or served.  Therefore, it is not necessary to obtain any other defendant's consent to, or joinder in, this removal.

8.     As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to all other parties to this action and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, Defendant hereby removes this case from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Dated:     June 17, 2011

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: _____
     Kate S. Gold

Attorneys for Defendant
EMCOR GOVERNMENT SERVICES, INC.

**PROOF OF SERVICE**

I, Mary T. Avila, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1800 Century Park East, Suite 1400, Los Angeles, California 90067-1517. On June 17, 2011, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Victor L. George
Wayne C. Smith
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., 1st Floor
Torrance, CA 90503
Phone: (310) 698-0990
Fax: (310) 698-0995
Email: vgeorge@vgeorgelaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

NOTICE OF REMOVAL

1  U.S. Postal Service on that same day with postage thereon fully prepaid in the

2  ordinary course of business.  I am aware that on motion of the party served, service

3  is presumed invalid if postal cancellation date or postage meter date is more than

4  one day after date of deposit for mailing in affidavit.

5    I declare that I am employed in the office of a member of the bar of this court

6  at whose direction the service was made.

7    Executed on June 17, 2011, at Los Angeles, California.

8

9             _____

10               Mary T. Avila

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Victor L. George, State Bar No. 110504
   Wayne C. Smith, State Bar No. 122535
2  LAW OFFICES OF VICTOR L. GEORGE
   20355 Hawthorne Blvd., 1st Floor
3  Torrance, CA 90503
   Telephone: (310) 698-0990
4  Facsimile: (310) 698-0995
   E-mail: vgeorge@vgeorgelaw.com
5
6  Attorneys for Plaintiff
   JAMES SCOTT JORGENSON, an individual
7
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10             FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT
11
12  JAMES SCOTT JORGENSON, an         CASE NO.    BC461766
    individual,
13                                    COMPLAINT FOR DAMAGES
               Plaintiff,
14                                    1. STATUTORY DISCRIMINATION
        v.                               IN VIOLATION OF FEHA (AGE);
15
16  EMCOR GOVERNMENT SERVICES, a      2. VIOLATION OF PUBLIC POLICY
    business form unknown; and DOES 1
17  through 100, inclusive.           DEMAND FOR JURY TRIAL
18             Defendants.
19
20             PRELIMINARY FACTUAL INFORMATION
21      1.   Plaintiff JAMES SCOTT JORGENSON, hereinafter referred to as "Plaintiff"
22  is and at all times mentioned herein, was an individual and a resident of the State of
23  California. Hereinafter, Plaintiff JAMES SCOTT JORGENSON, may be referred to
24  "Plaintiff."
25      2.   Plaintiff is informed and believes and thereupon alleges that Defendant
26  EMCOR GOVERNMENT SERVICES, a business form unknown (hereinafter "EMCOR")
27  is located at 4800 Oak Grove Drive, Pasadena, CA 91109 in the County of Los Angeles,
28  State of California and was so during all pertinent times referred to herein.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 17 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
     Shaunya Wesley

EXHIBIT A

EXHIBIT A PAGE 7

3.    It is understood and believed that the Defendant, EMCOR, does business in every part of Los Angeles County, California.

4.    Defendants, DOES 1 through 100, inclusive, are sued herein under fictitious names, their true names and capacities, whether individual, corporate, associate, or otherwise, being presently unknown to Plaintiff. Plaintiff will seek relief from this court to amend this complaint to designate the true names and capacities of Defendants DOES 1 through 100, inclusive, when same have been ascertained. The Defendants designated as DOES 1 through 100, inclusive, and each of them, are or were otherwise responsible for all of the acts hereinafter alleged.

5.    Plaintiff is informed and believes and thereupon alleges that both named Defendants, and each of them, are now and, at all times herein mentioned were alter egos, partners, co-owners, associates, joint venturers, principals and agents and/or employers-employees of each other and acted within the scope of such alter ego, partnership, association, joint venture, agency, and/or employment in performing the acts and omissions alleged in this complaint.

6.    At all times herein, Defendants, and each of them were the principals and agents, and employers and employees of each other, and were acting within the scope of their agency and employment and by and through their officers, managers, supervisors, agents and employees, and with each Defendants' authorization, permission, consent and ratification.

7.    At all times, the actions by Defendants, and each of them, were done under the authorization, consent, instruction and approval, express or implied, of each of the other and were duly ratified by defendants, and each of them, and imputed to each of them.

8.    Plaintiff, JAMES SCOTT JORGENSON, age 65, was born on July 22, 1944 and was hired on February 1, 1990, as an electrician. Plaintiff was inexplicably and suddenly fired on July 9, 2010.

9.    While Plaintiff was employed by Defendants, Plaintiff suffered discrimination, violations of his individual rights and violation of his rights guaranteed by public policy, based on his age.

2

COMPLAINT FOR DAMAGES

10.     Defendants, and each of them, including all persons working for Defendants, were in a position superior to Plaintiff and were aware of the discrimination to Plaintiff, allowed it to exist, did not investigate the situation the way they should have, did not report back to Plaintiff regarding any results of any investigation and did not remedy the situation and surely did nothing to prevent it. EMCOR failed to provide any warning, do any progressive discipline, etc., simply firing Plaintiff.

11.     Defendants, and each of them, and the officers, directors and managing agents of Defendants were aware of and had notice of the discriminatory conduct suffered by Plaintiff in his work environment, and had the right, duty and power to prevent it, yet nothing was effectively done to stop it. Defendants failed to provide Plaintiff progressive discipline required before termination, violating their own policies.

12.     Having to work for and under Defendants, and each of them, and with Defendant bosses, supervisors, officers, directors, owners and managers failing to remedy the situation, has caused and continues to cause Plaintiff great injuries, losses and damages.

13.     Plaintiff pursued his administrative remedies by filing claims with the California Department of Fair Employment and Housing (DFEH) for statutory violations including those for discrimination and retaliation and was granted a "right to sue" prior to the filing of this complaint.

14.     Defendants herein interfered and attempted to interfere by intimidation and coercion with the exercise and enjoyment by Plaintiff of rights secured by the Constitution and laws of California, and as a result, Plaintiff was caused to suffer past, present and future injuries, damages and losses.

15.     The unwelcome discrimination allowed to be made by Plaintiff's supervisors and management created an intimidating, hostile and offensive environment and situation for Plaintiff, all to his past, present and future damages, injuries and losses.

16.     The discrimination and retaliation that caused Defendant to simply dispose of Plaintiff after an excellent 20 years, caused Plaintiff great concern, disgrace and severe emotional distress and offensively and substantially intruded into and violated Plaintiff's

COMPLAINT FOR DAMAGES

EXHIBIT A PAGE 9

1  privacy, causing him great and continuing damage and loss.

2      17.   At the time of his termination, Plaintiff was receiving the following

3  compensation and benefits:

4          a.    $30.78 per hour;

5          b.    Health and welfare benefits

6          c.    Full medical, dental and vision coverage;

7          d.    5 paid sick days per year;

8          e.    4 weeks paid vacation per year;

9          f.    Disability insurance, both short and long term;

10          g.    401K retirement plan; and

11          h.    Annual bonuses;

12      18.   Because of Plaintiff's great fear, emotional distress, anxieties, physical

13  symptoms, feelings of powerlessness and helplessness stemming from the discriminatory,

14  hostile, unwelcome and tortuous conduct and conditions at work, Plaintiff has, is and will

15  be caused to suffer past, present and future damages and losses.

16      19.   The conduct of Defendants and the conditions allowed to exist at work were

17  violative of public policy and laws of the State of California including, but not limited to: the

18  Constitution of the State of California, including Article I section 8; California Government

19  Code Sections 12900, et seq., including, but not limited to sections 12920, 12921, 12940,

20  12950, etc.

21      20.   As a result of the conduct of Defendants and the conditions allowed to exist

22  at Plaintiffs' place of work, Plaintiff is, was and will continue to be caused to suffer damages,

23  in an amount to be determined according to proof at trial, and which includes but is not

24  limited to, past, present and future injuries, damages, severe emotional distress and losses,

25  costs and attorney fees.

26      21.   Plaintiff pursued his administrative remedies by filing claims with the

27  California Department of Fair Employment and Housing against all Defendants herein,

28  within one year of the continuing discrimination and the California Department of Fair

1   Employment and Housing closed their files and granted the right to sue prior to the filing of

2   this lawsuit.

### FIRST CAUSE OF ACTION

(Statutory Discrimination Against All Defendants and Does 1 through 100)

5       22.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through

6   21 and incorporates the same by reference as though fully set forth herein.

7       23.    At all times set forth herein, Defendant's actions were violative of public

8   policy and laws of the State of California including, but not limited to: the Constitution of

9   the State of California, including Article I section 8; California Government Code Sections

10  1290, et seq., including, but not limited to sections 12920, 12921, 12940, 12950, etc.

11      24.    As a result of the statutory violations, Plaintiff suffered damages, in an

12  amount to be determined according to proof at trial, but in excess of the jurisdictional

13  minimum of this Court and includes past, present and future damages, injuries, losses, costs

14  and attorney fees.

15      25.    Plaintiff was employed by EMCOR beginning in or about 1990 for 20

16  consecutive years until July 9, 2010 when Defendants terminated Plaintiff's employment

17  with Defendant. At the time of his discharge, Plaintiff was employed by Defendant as an

18  electrician.

19      26.    Defendant EMCOR is an employer within the meaning of California

20  Government Code § 12926(d), and § 12940(h)(3), employing over 50 persons.

21      27.    Plaintiff was qualified for the position, having at all times performed the

22  duties of the position with a high degree of competency.

23      28.    Despite his qualifications, Plaintiff was subjected to discrimination, and was

24  discharged by Defendant EMCOR due to the continual and repeated discrimination at

25  Plaintiffs' work environment with Defendant EMCOR.

26      29.    The Plaintiff was subjected to discrimination as well as being denied rights

27  and customary privileges of employment which other employees enjoyed.

28  ///

EXHIBIT A PAGE 11

30.   The above-described conduct by Defendants resulted in the termination of Plaintiff's employment with Defendant EMCOR. Defendant's conduct as herein-described was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment. Defendants failed to correct the problem.  As a direct and proximate result of Defendants' conduct, Plaintiff's employment with Defendant EMCOR was terminated.

31.   Defendants' conduct as herein alleged violated the California Fair Employment and Housing Act ("FEHA"), California Government Code, including but not limited to: Section 12940, in that it constituted unlawful discrimination based on Plaintiff's age as well as failure to prevent such discrimination.

32.   As a result of the statutory discriminatory treatment and violations, set forth herein by Plaintiff, Plaintiff suffered injuries, damages, economic losses and emotional distress, past, present and future and have already and will incur attorney fees and costs in prosecuting this action.

33.   Because the acts taken toward Plaintiff's were carried out by managerial employees and partners of Defendants acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount according to proof at the time of trial.

### SECOND CAUSE OF ACTION

**(Violation of Public Policy as Against All**

**Defendants and Does 1 to 100)**

34.   The allegations of paragraphs 1 through 33 are incorporated herein by reference.

35.   The above referenced actions of Defendants constitutes a wrongful termination of Plaintiff in violation of the public policy of the State of California as reflected in its laws and policies. Said laws include, but are not limited to, Article I, Section 8 of the Constitution, as well as Government Code §12900, et seq. Defendants were obligated to refrain from discharging Plaintiff, or any employee, for reasons which violate or circumvent said policies or objectives which underlie FEHA/Government Code §12940-12965.

1 | Plaintiff's age (65 years) cannot be a motivating fact for Plaintiff's termination.

2 |     36.   As a direct result of the aforesaid acts of Defendants, Plaintiff lost, and will

3 | continue to lose, income and benefits, in an amount to be proven at trial. Plaintiff has become

4 | distressed, aggravated and embarrassed. This wrongful termination is a substantial factor in

5 | causing damage and injury to Plaintiff as set forth in paragraph twenty (20) above.

6 |     37.   As a direct result of the aforesaid acts of Defendants, Plaintiff has become

7 | mentally upset, distressed and aggravated and has suffered, and will continue to suffer,

8 | humiliation, embarrassment, loss of self-confidence/pride and mental and/or emotional

9 | distress. Thereby, Plaintiff claims general damages for mental distress and aggravation in

10 | a sum according to proof at the time of trial.

11 |     38.   Because the acts taken toward Plaintiff were carried out by managerial

12 | employees of Defendant acting in a deliberate, cold, callous and intentional manner in order

13 | to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against

14 | Defendants in an amount according to proof at the time of trial.

15 |

16 | **PRAYER FOR RELIEF**

17 |     WHEREFORE, Plaintiff JAMES SCOTT JORGENSON requests relief against

18 | Defendants, and each of them, as follows:

19 | **AS TO THE FIRST CAUSE OF ACTION:**

20 |     1.   That Plaintiff be awarded general and compensatory damages, including

21 | prejudgment interest, in an amount according to proof at trial;

22 |     2.   That Plaintiff be awarded costs of suit and interest incurred as provided by

23 | law;

24 |     3.   That Plaintiff be awarded punitive damages;

25 |     4.   That Plaintiff be awarded statutory attorneys' fees; and

26 |     5.   That this Court award such other and further relief as the Court deems just

27 | and proper.

28 | ///

<u>**AS TO THE SECOND CAUSE OF ACTION**</u>

1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded costs of suit and interest incurred as provided by law;

3.    That Plaintiff be awarded punitive damages;

4.    That this Court award such other and further relief as the Court deems just and proper.

Dated: May 13, 2011                    LAW OFFICES OF VICTOR L. GEORGE

By: _____
                                                    WAYNE C. SMITH
                                                    VICTOR L. GEORGE
                                                    Attorneys for Plaintiff
                                                    JAMES SCOTT JORGENSON

8
COMPLAINT FOR DAMAGES

EXHIBIT A PAGE 14

1

### DEMAND FOR JURY TRIAL

2  Plaintiff, JAMES SCOTT JORGENSON, hereby demand trial by jury in this action

3  now before the Court.

4

5  Dated: May 13, 2011                LAW OFFICES OF VICTOR L. GEORGE

6

7                                     By: _____
                                        WAYNE C. SMITH
8                                       VICTOR L. GEORGE
                                        Attorneys for Plaintiff,
9                                       JAMES SCOTT JORGENSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

9
COMPLAINT FOR DAMAGES

EXHIBIT A PAGE 15

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Wayne C. Smith, SBN 122535
Law Offices of Victor L. George
20355 Hawthorne Blvd., 1st Floor
Torrance, CA 90503

TELEPHONE NO.: 310-698-0990    FAX NO.: 310-698-0995
ATTORNEY FOR *(Name):* Plaintiff, SCOTT JORGENSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: JAMES SCOTT JORGENSON v. EMCOR GOVERNMENT
SERVICES

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 17 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 461766 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* TWO (2)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 13, 2011

Wayne C. Smith, SBN 122535
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal
Solutions
& Plus

EXHIBIT A PAGE 16

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

EXHIBIT A PAGE 17

| SHORT TITLE: JORGENSON v. EMCOR GOVERNMENT SERVICES | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |
| | | LA-CV109 |

EXHIBIT A PAGE 18

| SHORT TITLE: | JORGENSON v. EMCOR GOVERNMENT SERVICES | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT A PAGE 19

| SHORT TITLE: | JORGENSON v. EMCOR GOVERNMENT SERVICES | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT A PAGE 20

| SHORT TITLE: JORGENSON v. EMCOR GOVERNMENT SERVICES | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 4800 Oak Grove Drive |
|---|---|
| CITY: Pasadena | STATE: CA | ZIP CODE: 91109 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _May 13, 2011_

LAW OFFICES OF VICTOR L. GEORGE

(SIGNATURE OF ATTORNEY/FILING PARTY)
WAYNE C. SMITH
ATTORNEYS FOR PLAINTIFF

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT A PAGE 21

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 5103 PA (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS (Check box if you are representing yourself ☐)**
JAMES SCOTT JORGENSON, an individual

**DEFENDANTS**
EMCOR GOVERNMENT SERVICES, INC., a business form unknown, and DOES 1 through 100, inclusve

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**
Victor L. George (Bar No. 110504)
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., 1ˢᵗ Floor
Torrance, CA 90503
Phone: (310) 698-0990; Fax: (310) 698-0995

**Attorneys (If Known)**
Kate S. Gold (Bar No. 156117)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Ste. 1400
Los Angeles, CA 90067
Phone: (310) 203-4000; Fax: (310) 229-1285

**II. BASIS OF JURISDICTION (Place an X in one box only.)**

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN (Place an X in one box only.)**

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)**
28 U.S.C. 1332 and 1441

**VII. NATURE OF SUIT (Place an X in one box only.)**

| | | | |
|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 510 Motions to Vacate Sentence Habeas Corpus |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 371 Truth in Lending | ☐ 530 General |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 61 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

CV11-05103

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

JUN-17-2011  11:12

P.004

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): Renato Cuenca v. Emcor, et al., LASC Case No. BC461767 (concurrently removed)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Kate S. Gold_ Date June 17, 2011

Kate S. Gold

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)

American LegalNet, Inc.
www.FormsWorkflow.com